UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF IBRAHIM,<br><br>       Petitioner,<br><br>   v.<br><br>WARDEN, *et al.*<br><br>       Respondents. | Civil Action No. 23-4072 (JXN)<br><br>OPINION |

<u>NEALS</u>, District Judge

  This matter comes before the Court on Petitioner Yusuf Ibrahim's ("Petitioner's") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (*see* ECF No. 1), as well as Petitioner's motion to compel production of Wade hearing transcripts. (ECF No. 13). Respondents Warden, the Attorney General of the State of New Jersey, State of New Jersey, and Stephanie Davis-Elson ("Respondents") moved to dismiss the Petition (ECF No. 9), and Petitioner replied. (ECF No. 11). The Court has carefully considered Respondents' submission and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Respondents' motion to dismiss (ECF No. 9) is **GRANTED**, the Petition (ECF No. 1) is **DISMISSED with prejudice**, and Petitioner is **DENIED** a certificate of appealability. Petitioner's motion to compel production of Wade hearing transcripts (ECF No. 13) is **DISMISSED** as moot.

 **I.**  <u>**BACKGROUND**</u>

  On October 22, 2013, a Hudson County, New Jersey Grand Jury returned Indictment 1944-10-2013, charging Petitioner with first-degree carjacking, N.J.S.A. § 2C:15-2 (count one); and

second-degree robbery, N.J.S.A. § 2C:15-1 (count two). (ECF No. 9-2 at 2). On September 30, 2014, Petitioner pled guilty to second-degree robbery. (ECF No. 9-1 at 2). On January 8, 2015, Petitioner "was sentenced to a term of six years" imprisonment. (*Id.* at 2). "An Amended Judgment of Conviction was entered on March 9, 2015[,]" and Petitioner did not file a "direct appeal" from his sentence. (*Id.* at 2).

On August 19, 2019, Petitioner "filed a Petition for Post-Conviction Relief [("PCR")][,]" which was denied, and affirmed on appeal. (*Id.* at 2); *see also State v. Ibrahim*, No. A-0401-21, 2022 WL 16842954, at *1 (N.J. Sup. Ct. App. Div. Nov. 10, 2022). The New Jersey Supreme Court also denied certification. *State v. Ibrahim*, 254 N.J. 69, 294 A.3d 266 (N.J. 2023).

On July 20, 2023, Petitioner filed the Petition, raising claims of ineffective assistance of counsel. (ECF No. 1 at 4). On November 8, 2023, Respondents filed the pending motion to dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) (ECF No. 9 at 2). Petitioner replied. (ECF No. 11). The matter is now ripe for consideration.

II.     **DISCUSSION**

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitation period "run[s] from the latest of":

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires an initial determination of when the pertinent judgment became "final," followed by analyzing when the period during which an application for state post-conviction relief was "properly filed" and "pending." "For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review[,]'" or "[f]or all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review[,]" including the "90-day period for seeking certiorari when determining" when a petitioner's "judgment bec[o]me[s] final." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54, 656 (2012).

Here, Petitioner did not appeal his judgment of conviction. Thus, Petitioner's conviction became final on April 24, 2015, when the forty-five-day period for seeking direct review expired. *See* N.J. Ct. R. 2:4-1(a). As a result, the one-year limitations period for filing a timely Petition expired on April 24, 2016. § 2244(d)(1)(A). Petitioner did not file the Petition until July 2023. Therefore, unless the one-year limitations period is tolled, the Petition is untimely.

      A.      **<u>Statutory Tolling</u>**

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F.App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits

3

prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR. N.J. Ct. R. 3:22-12(a).

While a timely PCR filed during the AEDPA's one-year limitations period will toll the limitations period, an untimely PCR petition filed after the expiration of the one-year limitations period will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also, e.g.*, Shoatz v. DiGuglielmo, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Here, Petitioner filed his PCR petition on August 19, 2019, three years after his AEDPA one-year limitations period had run on April 24, 2016. Accordingly, the PCR and related proceedings had no effect on his AEDPA limitations period and statutory tolling was not available.

### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling based on inaccurate advice provided to him by plea counsel. The Court disagrees.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v.*

*DiGuiglielmo*, 544 U.S. 408, 418 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citations omitted).

Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (citation omitted). To that end, a petitioner will be unable to demonstrate he was prevented from asserting his rights "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (citation omitted). Here, the Petition does not meet either prong.

Turning first to the reasonable diligence prong, Petitioner claims that if he filed a timely Petition his claims would have been unexhausted because he just recently fully exhausted them. (ECF Nos. 1, 11). Petitioner's argument does not show that he was diligently pursuing his federal rights, even if he was pursuing his state court rights. Indeed, he "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), report and recommendation adopted, 2017 WL

5

6731622 (E.D. Pa. Dec. 29, 2017) (citing Darden v. Sobina, 477 F. App'x 912, 918 (3d Cir. 2012) (finding petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)). To be sure, instead of filing a protective habeas petition, Petitioner waited over seven years after the expiration of his AEDPA's statute of limitations had run to file the Petition.

Petitioner similarly fails to demonstrate extraordinary circumstances. Petitioner acknowledges that his Petition is untimely but argues that he is entitled to equitable tolling because he was unaware of AEDPA limitations period and trial counsel did not advise him of such. (ECF No. 11 at 11). Generally, a petitioner's attorney's excusable neglect does not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). Here, such an argument does not constitute extraordinary circumstances. "In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'" *United States v. Bendolph*, 409 F.3d 155, 170 (3d Cir. 2005) (citation omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003) (no equitable tolling based on confusion regarding law); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (joining other courts in rejecting the argument "that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling").

Here, Petitioner has not shown why he was unable to file his § 2254 petition by April 24, 2016, and waited until July 2023 to file the Petition. Petitioner's *pro se* status does not establish extraordinary circumstances for equitable tolling, *Ross*, 712 F.3d at 799-800, neither does incorrect advice from an attorney in non-capital cases. *Johnson*, 314 F.3d at 163; s*ee Holland*, 560 U.S. at 651-52 (a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a

6

lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal quotation marks omitted).

Further, Petitioner appears to argue that he is entitled to equitable tolling because only became aware of counsel's ineffective assistance in 2020, after receiving a copy of counsel's agreement for representation.  (*See* ECF No. 11 at 4-9). To that end, Petitioner contends that counsel failed to conduct adequate pre-trial investigations or construct a defense for trial, and then coerced Petitioner to plead guilty by promising concurrent sentences for two of his indictments. (ECF No. 11 at 4-9).  Petitioner submits his father signed a contract with trial counsel that only covered pre-trial expenses and representation,[1] yet claims that he did not see this agreement until 2020.  (*Id.* at 7).

Petitioner appears to argue that counsel was intentionally ineffective so he could collect his pretrial fee and not proceed to trial.  (*See id.* at 4-9).  Petitioner admits that prior to entering his plea, however, he "became suspicious of [counsel] and no longer trusted him . . . [and] [] tried to fire [counsel]." (*Id.* at 6).  Additionally, Petitioner was able to raise his ineffective assistance of counsel claims in his PCR, which was filed prior to Petitioner allegedly receiving a copy of representation agreement in 2020.  Petitioner provides no basis as to why his ineffective assistance of counsel claims could not have been raised in a timely filed habeas petition.

Accordingly, Petitioner is not entitled to equitable tolling because he has not satisfied the "extraordinary circumstances" prong to do so.  Respondents' motion to dismiss is granted and the Petition is dismissed with prejudice as time barred.

---

[1] Petitioner attaches a copy of the agreement to provide legal services, and the retainer only covered pre-trial representation and a separate fee agreement would have been necessary for trial.  (ECF No. 11-1 at 10-11).

**III.      CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In *Slack v. McDaniel*, the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. 473, 484 (2000).

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely.  Accordingly, this Court will not issue a certificate of appealability.

**IV.      CONCLUSION**

For the reasons stated above, Respondents' motion to dismiss (ECF No. 9) is **GRANTED**, the Petition (ECF No. 1) is **DISMISSED with prejudice**, and Petitioner is **DENIED** a certificate of appealability.  Petitioner's motion to compel production of a Wade hearing transcripts (ECF No. 13) is **DISMISSED** as moot.

DATED: 7/9/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge